UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DUANE EVANS d/b/a ASPEN PROPERTIES,

    Plaintiff,

  v.

TRIMONT LAND COMPANY, INC., a California corporation, and DOES 1 through 10, inclusive,

    Defendants.

NO. CIV. S-06-503 WBS PAN (JFM)

MEMORANDUM AND ORDER RE: MOTION TO REMAND

----oo0oo----

    Plaintiff Duane Evans, d/b/a Aspen Properties, brought this action in Placer County Superior Court for infringement of a trademark issued under California law.  The action was removed to this court, and plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with this motion.

I.   Factual and Procedural Background

    Plaintiff is engaged in the business of real estate agency, marketing, and brokerage services in the community of Northstar and Northstar-at-Tahoe in California.  (Pl.'s Mot. to Remand 2.)  Defendant Trimont Land Company, Inc. owns a

1

recreational facilities resort and, relatedly, a service mark, commonly known as a trademark, for "Northstar."  (Pl.'s Reply 2.) Defendant's service mark was issued by the State of California on April 2, 1982.  (Notice of Removal Ex. 3 (Dec. 9, 2005 Defendant's Cease and Desist Letter) at 1.)

On December 9, 2005, defendant sent a cease and desist letter to plaintiff, in which defendant stated that plaintiff was infringing its service mark.  (Id.)  In the letter, defendant explained that under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A), "it is unlawful to register or use a domain name that is identical or confusingly similar to another person's mark."  (Id.)  Defendant closed the letter by warning plaintiff that if he did not agree to the demands contained therein, defendant would seek legal relief, including "a suit for injunctive relief under California's Trademark and Dilution Statues, the Lanham Act, and the Anticybersquatting Consumer Protection Act."  (Id. at 3.)

After receiving this letter, on February 6, 2006, plaintiff filed a complaint in state court for declaratory judgment that he does not infringe any property interests claimed by defendant on the basis of its service mark "Northstar." (Notice of Removal Ex. 1 (Compl. ¶ 8).)  Plaintiff also seeks a declaration that his use of the name "northstar" on his business' website is a non-infringing descriptive reference to his local real estate market, and that such use falls under fair use of the mark under Brother Records, Inc. v. Jardine, 318 F.3d 900, 906 (9th Cir. 2003).  (Compl. ¶ 10.)

Defendant removed the action on March 8, 2006,

contending that this court has original jurisdiction over the claims in this case because they arise under the Constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331.  (Notice of Removal ¶ 3.)  Plaintiff now contends that this court does not have jurisdiction and should remand this case to state court pursuant to 28 U.S.C. § 1447(c).

II. <u>Discussion</u>

In any case over which federal district courts have original jurisdiction, a defendant may remove the case from state to federal court.  28 U.S.C. § 1441(a)-(b).  District courts have original jurisdiction over "federal question" cases, or "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987).  Nevertheless, "[t]he artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that [a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim."  <u>Lippitt v. Raymond James Fin. Servs., Inc.</u>, 340 F.3d 1033, 1041 (9th Cir. 2003) (citations and quotations omitted).

Additionally, an action may arise under federal law based on state law claims raised by a plaintiff "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986) (citation omitted).  The

3

ultimate question for "arising under" jurisdiction is: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"?  <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 125 S. Ct. 2363, 2368 (2005).

Plaintiff's claims were brought in reaction to defendant's "Cease and Desist" letter, which warned plaintiff that defendant would seek relief under state and federal law.  In particular, defendant's letter mentioned that defendant would seek relief under the Lanham Act, 15 U.S.C. § 1115, and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).  Although plaintiff alleged that defendant's letter is incorrect in that he does not infringe defendant's trademark, his complaint omits any specific reference to these federal statutes.

Instead, plaintiff somewhat ambiguously seeks broad declaratory relief that he does not infringe defendant's trademark "or any other statutory or common law rights possessed by defendant."  Plaintiff's request for a judicial declaration of non-infringement is not only based on defendant's allegations of infringement under federal and state law, but it is also so broadly phrased that it appears to encompass both federal and state law.  Moreover, plaintiff relies on Ninth Circuit caselaw in his complaint to explain that "[u]nder the fair use doctrine, the holder of a trademark cannot prevent others from using the words that form the trademark in their primary or descriptive

4

sense."  (Compl. ¶ 10.)  Taken together, the fact that the complaint is a response to defendant's allegations of violations of federal and state law, requests broad declaratory relief, and cites Ninth Circuit caselaw to explain the federal fair use doctrine all clearly demonstrate that plaintiff's claims raise substantial federal issues.  Thus, the vindication of plaintiff's claims necessarily turns on the court's construction of federal law, Merrell Dow, 478 U.S. at 808, and removal of this case was appropriate.

Additionally, because defendant's removal was not "wrong as a matter of law," an award of fees and costs would not be appropriate here.  See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2002) (awarding attorneys' fees when "when a defendant's removal, while 'fairly supportable,' was wrong as a matter of law").

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for attorneys' fees be, and the same hereby is, DENIED.

DATED:  May 18, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5